*911 OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed, with costs.
This appeal involves a general comprehensive liability insurance policy containing the same "pollution exclusion” clause, and the same exception for "sudden and accidental” dispersals, that we construed in Technicon Elecs. Corp. v American Home Assur. Co. (74 NY2d 66). In Technicon, we noted that the exception to the exclusion for liability arising from pollution is not operative unless the occurrence in question was both "sudden” and "accidental” (id., at 75).
Plaintiff here is seeking a declaration that defendant insurer is obligated to pay "all expenses which plaintiff has paid or will have to pay” in connection with a consent order issued by the Department of Environmental Conservation to decontaminate and restore its property. The action arose out of the leaching of hazardous wastes which were allegedly disposed by plaintiff’s predecessor’s: (1) "burying drums containing the wastes,” (2) "dumping waste liquids from 55-gallon drums into open pits and then disposing of the drums in the pit,” and (3) discharging "wastes through a pipe into pits at the site.” In other words, plaintiff seeks to be indemnified for intentional discharges of waste, leading to the ultimate pollution of the environment. Such an "occurrence,” resulting from purposeful conduct, cannot be considered "accidental” under our analysis in Technicon (id.).
We also reject plaintiff’s contention that since it was not the actual polluter, but merely inherited the problem from the prior landowner, the pollution exclusion clause cannot bar its present insurance claim. Simply put, there is nothing in the language of the pollution exclusion clause to suggest that it is not applicable when liability is premised on the conduct of someone other than the insured. Plaintiff’s reliance on Thomas J. Lipton, Inc. v Liberty Mut. Ins. Co. (34 NY2d 356) is misplaced, since the analysis in that case depended both on a potential ambiguity in the terms of the policy and the conclusion that the insurer’s contrary construction would all but negate the coverage offered by the policy as a whole. Neither of these concerns is presented in this case. As we noted in Technicon, the exclusion clause is "unambiguously plain and operative” (74 NY2d, at 71), and represents only a single discrete exception to the insurer’s obligation to indemnify under the policy.
*912 Chief Judge Wachtler and Judges Simons, Kaye, Alexander, Titone, Hancock, Jr., and Bellacosa concur.
Order affirmed, with costs, in a memorandum.