**AVONDALE INDUSTRIES, INCORPORATED and Ogden Corporation, Plaintiffs–Appellees,**

v.

**The TRAVELERS INDEMNITY COMPANY, Defendant–Third–Party Plaintiff–Appellant,**

v.

**COMMERCIAL UNION INSURANCE COMPANY, Highlands Insurance Company, American Motorists Insurance Company, and National Union Fire Insurance Company, Third–Party Defendants–Appellees.**

**No. 999, 89–7035.**

United States Court of Appeals, Second Circuit.

On Petition for Rehearing Nov. 9, 1989.

Decided Jan. 10, 1990.

Barry R. Ostrager, New York City (Simpson Thacher & Bartlett, New York City, of counsel), for defendant-appellant The Travelers Indem. Co.

Thomas W. Brunner, Washington, D.C. (Marilyn E. Kerst, Frederick S. Ansell, Wiley, Rein & Fielding, Washington, D.C., of counsel), filed a letter brief for Ins. Environmental Litigation Ass'n as amicus curiae.

Patrick J. Foley, New York City, filed a memorandum for New York State Ins. Ass'n as amicus curiae.

Before NEWMAN, CARDAMONE and WINTER, Circuit Judges.

### OPINION ON PETITION FOR REHEARING

PER CURIAM:

Appellant, Travelers Indemnity Company (Travelers), and *amici,* Insurance Environmental Litigation Association and New York State Insurance Association, urge us to grant their petition for rehearing in *Avondale Industries, Inc. v. Travelers Indemnity Co.,* 887 F.2d 1200 (2d Cir.1989), on the basis of two cases handed down by the New York Court of Appeals, which were not available at the time we decided *Avondale.* One is *Powers Chemco, Inc. v. Federal Insurance Co.,* 74 N.Y.2d 910, 549 N.Y.S.2d 650, 548 N.E.2d 1301 (N.Y.Ct. App.1989), and the other is *A. Meyers & Sons v. Zurich American Insurance Group,* 74 N.Y.2d 298, 546 N.Y.S.2d 818, 545 N.E.2d 1206 (1989). *See Huddleston v. Dwyer,* 322 U.S. 232, 236–37, 64 S.Ct. 1015, 1017–18, 88 L.Ed. 1246 (1944); *Vandenbark v. Owens–Illinois Glass Co.,* 311 U.S. 538, 543, 61 S.Ct. 347, 350, 85 L.Ed. 327 (1941); *see also Braniff Airways, Inc. v. Curtiss–Wright Corp.,* 424 F.2d 427, 428–30 (2d Cir.), *cert. denied,* 400 U.S. 829, 91 S.Ct. 59, 27 L.Ed.2d 59 (1970). Because we do not think these opinions are contrary to *Avondale,* the petition for rehearing is denied.

### *Powers Chemco*

In *Powers Chemco* the New York Court of Appeals held that the defendant insurer was not obligated to indemnify the plaintiff for cleanup expenses associated with its decontamination of property purchased from a party who had allegedly buried, dumped and discharged hazardous wastes onto the property because such damage fell within the coverage exclusion for pollution damage that was not "sudden" and "accidental." *Avondale* is factually distinguishable from *Powers Chemco.* In *Powers Chemco,* the plaintiff seeking indemnification by the defendant insurer, by entering into an interim consent decree with the New York State Department of Environmental Conservation to decontaminate the property, effectively admitted that the prior landowner had engaged in inten-

tional conduct that caused the pollution damage at issue. In *Avondale*, to the contrary, neither the plaintiff—nor any other party for that matter—has ever conceded that it engaged in intentional conduct that resulted in pollution damage. Without an admission—nor even an allegation of intentional conduct—we concluded in *Avondale* that the possibility that the pollution damage was both sudden and accidental had not been "clearly negate[d]."

Petitioners further note an apparent contradiction between our reliance upon the fact that there was "no allegation that Avondale *itself* continuously and intentionally polluted," *Avondale*, 887 F.2d at 1205 (emphasis added), and the statement in *Powers Chemco* that "there is nothing in the language of the pollution exclusion clause to suggest that it is not applicable when liability is premised on the conduct of someone other than the insured," *Powers Chemco*, 74 N.Y.2d at 911, 549 N.Y.S.2d at 651, 548 N.E.2d at 1302. This inconsistency does not furnish grounds for rehearing because, in fact, in *Avondale no party* was alleged to have or admitted to having engaged in intentional conduct that caused the pollution damage. We acknowledge that the above-quoted statement suggests otherwise and therefore modify the language in the opinion to read that there is "no allegation that Avondale or any other party continuously and intentionally polluted."

■ As a second matter, petitioners direct attention to the Court of Appeals' finding of intentional conduct based upon the complaint in *Powers Chemco* which alleged that the plaintiff's predecessor "(1) 'bur[ied] drums containing the wastes,' (2) 'dump[ed] waste liquids ...,' and (3) discharg[ed] 'wastes....'" *Powers Chemco*, 74 N.Y.2d at 911, 549 N.Y.S.2d 651, 548 N.E.2d 1302. From this they argue that we must find that Avondale engaged in intentional conduct because of the synonymity between the act of burying wastes alleged in *Powers Chemco* and the acts of transporting and disposing of wastes alleged in *Avondale*.

We do not believe that the New York Court of Appeals' holding in *Powers Chemco* was meant to be read so broadly. The complaint in that case alleged a consistent course of intentional conduct by the plaintiff's predecessor—burying, dumping and discharging wastes onto the property—which resulted in pollution damage. This obviously intentional course of conduct was buttressed by the plaintiffs entering into a consent decree that conceded it. It does not strike us that the New York court would have held that the plaintiff's predecessor had engaged in intentional conduct were the complaint to have alleged solely that the prior owner had buried drums of hazardous wastes on the property, without the additional charges of dumping liquids and discharging wastes. Thus, the mere allegation in the *Avondale* complaints that it transported and disposed of wastes without more is insufficient in our view to establish that it engaged in intentional conduct that caused pollution damage. The complaint does not negate the possibility of intentional transportation and burying of properly sealed drums containing wastes, followed by sudden and accidental discharge from such drums.

### Meyers

New York State Insurance Association argues that our analysis in *Avondale* of the right to defend runs contrary to the New York Court of Appeals' holding in *Meyers* that the insurer must defend where there is a "reasonable possibility" that the allegations in the underlying complaints support a duty to defend. This argument is meritless. In *Avondale* we rely upon the same line of cases as the court in *Meyers*, and there is no difference between our analysis of whether the "complaint in the underlying action contains any allegations that arguably or potentially bring the action within the protection purchased," *Avondale*, 887 F.2d at 1204, and the Court of Appeals' analysis of whether there is a "reasonable possibility that the insured may be held liable for some act or omission covered by the policy," *Meyers*, 74 N.Y.2d at 302, 546 N.Y.S.2d 818, 545 N.E.2d 1206.

## CONCLUSION

For the reasons stated, the New York Court of Appeals' holdings in *Powers Chemco* and *Meyers* do not require a change in our holding in *Avondale.* Hence, the petition for rehearing is denied.