■ HARVEY M. ROSEN, Respondent, v CNA INSURANCE COMPANY, Appellant.—Order unanimously reversed on the law without costs, motion granted, and judgment granted in accordance with the following Memorandum: We reverse and grant summary judgment to defendant declaring that defendant is not obligated to defend plaintiff in the proceedings instituted by the Environmental Protection Agency (EPA) or to indemnify plaintiff for any damages resulting from the outcome of those proceedings. EPA alleges that substantial quantities of hazardous waste were disposed of at the site of plaintiff's business; that drums and other containers containing hazardous substances were crushed and emptied, resulting in the discharge of their contents into the ground; that perforated drums were buried at the site; and that plaintiff's business and his partner were cited by the County Health Department for unlawful disposal of industrial waste and open burning at the site. The policy of insurance issued by defendant excludes from coverage damage arising out of the discharge of contaminants into or upon land or the atmosphere unless the discharge "is sudden and accidental". None of the allegations by EPA can be construed as stating that the discharge was sudden and accidental, and, thus, defendant has no duty to defend or to indemnify plaintiff (*see, Powers Chemco v Federal Ins. Co.*, 74 NY2d 910; *Borg-Warner Corp. v Insurance Co.*, 174 AD2d 24; *Ogden Corp. v Travelers Indem. Co.*, 924 F2d 39; *EAD Metallurgical v Aetna Cas. & Sur. Co.*, 905 F2d 8). The fact that plaintiff might not have been the actual polluter does not affect the result (*see, Powers Chemco v Federal Ins. Co., supra*, at 911). (Appeal from Order of Supreme Court, Onondaga County, Miller, J.—Summary Judgment.) Present—Boomer, J. P., Pine, Lawton, Boehm and Davis, JJ.