995 F.2d 305
 301 U.S.App.D.C. 405
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
INDEPENDENT PETROCHEMICAL CORPORATION, Appellant,
v.
AETNA CASUALTY AND SURETY COMPANY, Appellee.
 No. 92-5069.
 United States Court of Appeals, District of Columbia Circuit.
 June 3, 1993.
 
 Before: MIKVA, Chief Judge; D.H. GINSBURG, and SENTELLE, Circuit Judges
 JUDGMENT
 PER CURIAM.
 
 
 1
 This case was considered on the record and on the briefs and oral argument of counsel. The Court has determined that the issues presented occasion no need for a published opinion. See D.C.Cir.R. 14(c). For the reasons set forth in the decision of the District Court and summarized in the accompanying memorandum, it is
 
 
 2
 ORDERED and ADJUDGED that the judgment of the District Court is affirmed.
 
 
 3
 The Clerk is directed to withhold issuance of the mandate herein until seven days after the disposition of any timely petition for rehearing. See D.C.Cir.R. 15(b)(2).
 
 MEMORANDUM
 
 4
 Plaintiff Independent Petrochemical Corporation ("IPC") and related corporations appeal a grant of summary judgment against them in District Court. In 1971, IPC, then in the business of terminaling and marketing various petrochemical products in Missouri, its manufacturing facility, hired Bliss Co., an independent contractor, to remove 20,000 gallons of waste oil from a customer's facility. Bliss told IPC that it would take the waste oil to a disposal site in Rolla, Missouri. Unbeknownst to IPC, Bliss sprayed some waste oil (mixed with waste material from other sources) as a dust suppressant in at least twenty-eight Missouri sites. Neither Bliss nor IPC knew that the waste oil contained dioxin, a substance that allegedly causes physical injury.
 
 
 5
 As a result of the spraying, plaintiffs have faced $12 billion in claims, for strict liability under federal and state statutes, and on other tort theories of liability. In this action plaintiffs sought a declaratory judgment that they were entitled to coverage under liability insurance policies. At issue here are four U.S. Fire excess policies, two INA certificates of excess insurance, and twelve excess policies subscribed to by the London Market defendants.[1] The insurance policies contain what is known as the standard partial pollution exclusion. That provision is as follows:
 
 This policy shall not apply
 
 6
 * * *
 
 
 7
 * * *
 
 
 8
 to liability arising out of the discharge, dispersal, release or escape of smoke, vapors, soot, fumes, acids, alkalis, toxic chemicals, liquids or gases, waste materials or other irritants, contaminants or pollutants into or upon land, the atmosphere or any water course of body of water, but this exclusion does not apply if such discharge, dispersal, release or escape is sudden and accidental.
 
 
 9
 The London Market defendants and other defendants filed motions for summary judgment based on the partial pollution exclusion.[2] By order, the District Court denied those motions. Independent Petrochemical Corp. v. Aetna Casualty & Sur. Co., 1988 WL 2426529, 1988 U.S.Dist. LEXIS 15839 (D.D.C. Sept. 7, 1988). On December 23, 1988, U.S. Fire also moved for summary judgment based on the partial pollution exclusion clause. The District Court denied that motion, as well. Based on two subsequent New York Court of Appeals decisions, Technicon Elec. Corp. v. American Home Assur. Co., 542 N.E.2d 1048 (N.Y.1989) ("Technicon "), and Powers Chemco, Inc. v. Federal Ins. Co., 548 N.E.2d 1301 (N.Y.1989) ("Powers Chemco "), U.S. Fire and INA renewed their motions for summary judgment. The District Court granted the motions on December 6, 1991. The London Market defendants then renewed their motion for summary judgment, which the District Court granted as well.
 
 
 10
 IPC argues that the District Court erred in holding that under New York law, the partial pollution exclusion eliminates coverage when an individual releases material into the environment deliberately, but without knowledge of the hazardous nature of the discharged material. IPC also contends that the discharges were "accidental" within the meaning of the clause insofar as IPC did not expect Bliss to spray the waste oil as a dust suppressant.
 
 
 11
 These arguments run counter to the rationales and holdings of Technicon and Powers Chemco--recent, controlling decisions of New York's highest court. Technicon held that the pollution exclusion clause applies to all intentional discharges of waste, regardless of whether consequential damages were anticipated or intended. 542 N.E.2d at 1050-51. In Powers Chemco, the New York Court of Appeals held that the pollution exclusion barred coverage even when the insured, a landowner, had not discharged waste, but instead had incurred liability due to the deliberate discharges of waste by a third party, the prior landowner. The New York court thus declined to carve out an exception to the application of the pollution exclusion clause, even when liability is based on the conduct of someone other than the insured.
 
 
 12
 Contrary to appellants' arguments, Technicon does not instruct that it is relevant whether Bliss actually was aware of the hazardous nature of the waste material that was sprayed. Nor can IPC impose liability outside the pollution exclusion by asserting that its liability arose in part from its "negligent supervision" of Bliss, rather than from the discharge of wastes or pollutants. The New York Court of Appeals decided in Powers Chemco that "there is nothing in the language of the pollution exclusion clause to suggest that it is not applicable when liability is premised on the conduct of someone other than the insured." 548 N.E.2d at 1302. Under Powers Chemco, therefore, IPC cannot find coverage under any of the policies it sues on.
 
 
 13
 Given the recent precedent, it is difficult to construe the pollution exception clause in any other fashion than as to preclude coverage of the action in this case, for reasons more fully set out in the well-reasoned opinion of the District Court. The judgment of the District Court is therefore
 
 
 14
 Affirmed.
 
 
 
 [1]
 These policies contain a choice of law provision directing that New York law applies to any question of policy construction
 
 
 [2]
 Though the London Market defendants' policies contain a different pollution exclusion, it is undisputed that there are no significant differences between the two exclusions