■ REDDING-HUNTER, INC., Appellant, v AETNA CASUALTY AND SURETY COMPANY, Respondent. [615 NYS2d 133] —Peters, J. Appeal from an order of the Supreme Court (Monserrate, J.), entered December 27, 1993 in Cortland County, which, *inter alia,* granted defendant's cross motion for summary judgment and made a declaration in favor of defendant.

The United States Environmental Protection Agency (hereinafter EPA) determined that between 1971 and 1985 hazardous materials were discharged on lands surrounding a former scrap metal processing business located in Cortland County (hereinafter the site) and that several commercial manufacturing entities were potentially responsible parties (hereinafter PRPs) *(see,* 42 USC § 9601 *et seq.).* The EPA ordered the PRPs to perform certain remedial actions at the site and the PRPs

thereafter commenced an action for response costs and contribution (hereinafter the underlying action) against, among others, plaintiff, a manufacturer of hand tools which allegedly arranged for the disposal of its scrap material waste from 1982 to 1984 with an entity affiliated with the aforementioned former scrap metal processing business.

Plaintiff commenced this action seeking a declaration that pursuant to comprehensive general liability insurance policies issued by defendant to plaintiff between 1975 and 1985 (hereinafter collectively referred to as the policy), defendant was obligated to defend and indemnify plaintiff in the underlying action. Plaintiff moved for summary judgment and defendant cross-moved for summary judgment declaring that it was under no duty to defend or indemnify plaintiff. Determining that the policy's pollution exclusion barred coverage, Supreme Court, *inter alia,* granted defendant's cross motion. Plaintiff appeals.

The duty to defend an insured has been recently reviewed by this Court in *Curtis v Nutmeg Ins. Co.* (204 AD2d 833, 834, where we reiterated the exceedingly broad nature of the duty to defend; *see, Colon v Aetna Life & Cas. Ins. Co.,* 66 NY2d 6) which remains distinct from the duty to indemnify *(Curtis v Nutmeg Ins. Co., supra,* at 834; *see, Technicon Elecs. Corp. v American Home Assur. Co.,* 74 NY2d 66). We found such duty to arise where allegations in a complaint can be found to " 'fall within the scope of the risks undertaken by the insurer, regardless of how false or groundless those allegations might be' " *(Curtis v Nutmeg Ins. Co., supra,* at 834, quoting *Seaboard Sur. Co. v Gillette Co.,* 64 NY2d 304, 310). We further recognized that "[a] party's characterization of the causes of action alleged in the complaint are not controlling. As arbiters of the law, we seek to determine the nature of the claims based upon the facts alleged 'and not the conclusions which the pleader draws therefrom' " *(Curtis v Nutmeg Ins. Co., supra,* at 834, quoting *County of Columbia v Continental Ins. Co.,* 189 AD2d 391, 393, *lv denied* 82 NY2d 841). Finally, we noted that the insurer seeking to deny coverage based upon a policy exclusion must bear the heavy burden of demonstrating "that the 'allegations of the complaint cast that pleading solely and entirely within the policy exclusions, and, further, that the allegations, *in toto,* are subject to no other interpretation' " *(Curtis v Nutmeg Ins. Co., supra,* at 835, quoting *International Paper Co. v Continental Cas. Co.,* 35 NY2d 322, 325).

In the instant case, plaintiff claims coverage pursuant to the

terms of their policy due to an "occurrence", defined as "an accident, including continuous or repeated exposure to conditions, which results in * * * property damage * * * neither expected nor intended from the standpoint of the insured". Hence, due to such definition, plaintiff contends that any unintended or unexpected damage will be covered by the terms thereof as an accident without regard to the nature of the event causing it. However, this general provision is followed by an express pollution exclusion provision which narrows the coverage yet contains an exception thereto. The pollution exclusion clause referred to is the standard pollution exclusion clause (see, Technicon Elecs. Corp. v American Home Assur. Co., 74 NY2d 66, 74, supra) which states, in part, as follows:

"This policy does not apply * * *

"(d) to personal injury or property damage arising out of the discharge, dispersal, release or escape of smoke, vapors, soot, fumes, acids, alkalis, toxic chemicals, liquids or gases, waste materials or other irritants, contaminants or pollutants into or upon land, the atmosphere or any water course or body of water; but this exclusion does not apply if such discharge, dispersal, release or escape is sudden and accidental".

Accordingly, "because the existence of coverage depends entirely on the applicability of the exception to the exclusion, the insured has the duty of demonstrating that it has been satisfied" (Borg-Warner Corp. v Insurance Co., 174 AD2d 24, 31, lv denied 80 NY2d 753; see, County of Fulton v United States Fid. & Guar. Co., 195 AD2d 864, 865).

Our review of the underlying complaint reveals allegations that plaintiff and/or others discharged pollutants resulting in harm to the environment. We therefore find that the pollution exclusion applies (see, County of Fulton v United States Fid. & Guar. Co., supra) unless plaintiff can demonstrate (see, Borg-Warner Corp. v Insurance Co., supra) that such alleged "discharge, dispersal, release or escape" was both sudden and accidental (see, Technicon Elecs. Corp. v American Home Assur. Co., 74 NY2d 66, 75, supra; County of Fulton v United States Fid. & Guar. Co., supra, at 865). The complaint in issue does not allege an abrupt or quick discharge of contaminants, but rather suggests that the discharge occurred over a long period. As the Court of Appeals guided in Technicon Elecs. Corp. v American Home Assur. Co. (supra), the focus of the exclusion and its exception is the initial placement of wastes into the land and not the subsequent migration (supra, at 75-76). Hence, courts have repeatedly concluded that waste dis-

charges which are a concomitant of normal business activities are not "sudden" within the meaning of the exclusion *(see, Borg-Warner Corp. v Insurance Co., supra,* at 31-32; *County of Fulton v United States Fid. & Guar. Co., supra).*

Moreover, because the underlying complaint alleges, *inter alia,* that plaintiff arranged for the disposal of wastes at the site, including petroleum, and that such disposal actually occurred at such site, it is irrelevant that plaintiff did not physically discharge the pollutants or know or intend that its waste would pollute the environment *(see, Borg-Warner Corp. v Insurance Co., supra,* at 32; *see also, Technicon Elecs. Corp. v American Home Assur. Co., supra,* at 75). This exclusion has been held to apply even "when liability is premised on the conduct of someone other than the insured" *(Powers Chemco v Federal Ins. Co.,* 74 NY2d 910, 911; *see, Rosen v CNA Ins. Co.,* 182 AD2d 1090, *lv denied* 80 NY2d 757). Further, the fact that plaintiff denies that its waste material contaminated the site is of no legal significance *(see, Independent Petrochemical Corp. v Aetna Cas. & Sur. Co.,* 781 F Supp 9, *affd* 995 F2d 305). "[T]he question of whether the discharge * * * *actually* resulted in the injuries alleged in [the] complaint[ ] is simply not material to the determination of whether the pollution exclusion is applicable" *(supra,* at 15). Accordingly, because the allegations in the underlying complaint cannot be construed as asserting a sudden and accidental discharge, we find that Supreme Court properly determined that defendant has no duty to defend or indemnify plaintiff in the underlying action *(see, Hitchings v Home Ins. Co.,* 190 AD2d 1030, *lv denied* 82 NY2d 652; *Rosen v CNA Ins. Co., supra).*

Cardona, P. J., Crew III, Casey and Weiss, JJ., concur. Ordered that the order is affirmed, with costs.