■ CITY OF NEW YORK, Appellant, v CERTAIN UNDERWRITERS AT LLOYD'S OF LONDON, ENGLAND et al., Respondents. [790 NYS2d 82]—

Judgment, Supreme Court, New York County (Faviola A. Soto, J.), entered March 2, 2004, which denied plaintiff's motion for summary judgment declaring that defendants are obligated to defend plaintiff and dismissed the complaint, unanimously reversed, on the law, without costs, and plaintiff's motion and fee application in the amount of $84,206.43, without interest, granted. The Clerk is directed to enter judgment accordingly. Appeal from order, same court and Justice, entered January 23, 2004, unanimously dismissed, without costs, as subsumed within the appeal from the judgment.

In the aftermath of the 2001 terrorist attack on the World Trade Center, plaintiff City of New York, through its Department of Design and Construction, hired contractors and subcontractors to clean up the site. These contractors and subcontractors used tug boats and barges, many of which were owned and operated by the City through its Department of Sanitation, to transport the debris to a landfill in Staten Island.

In connection with these clean-up efforts, the City obtained six categories of marine insurance in three insurance policies underwritten by defendants, providing, inter alia, coverage for protection and indemnity. The City, its Department of Design and Construction and Department of Sanitation, and several of its contractors and subcontractors, including McAllister Brothers Towing, are named insureds under the policies.

On or about April 1, 2002, Thomas Green, an employee of McAllister Brothers Towing, was allegedly injured by exposure to various toxic substances present in the clean-up debris while working as a crew member on the tugboat, *Joan McAllister*. Green commenced an action to recover damages for personal injury in federal court against McAllister Brothers, Inc., the owner of the *Joan McAllister*. McAllister Brothers, in turn, filed a notice of claim against the City stating that Green worked on the *Joan McAllister* towing and shifting barges which were owned, loaded, operated and controlled by the City, and alleging that the barges contained debris contaminated with toxic and potentially dangerous substances. McAllister Brothers also maintained that if Green was injured, that injury was caused by the City's negligence.

McAllister Brothers thereafter commenced a third-party action against the City, specifically seeking to hold the City liable for any injuries sustained by Green while working on the *Joan McAllister*, based on the operation of the City's insured barges. The City requested that defendants defend it in the third-party action, but they disclaimed coverage on the ground that the City did not own the tugboat. Consequently, the City commenced the instant action for a declaration that defendants had a duty to defend and indemnify it and for recovery of costs in defending the third-party action.

After joinder of issue, the City moved for summary judgment on the ground that, as a matter of law, defendants were obligated to defend and indemnify. In addition, the City sought reimbursement for legal costs incurred to date in the amount of $84,206.43. Defendants opposed the motion, claiming that the City was not implicated in Green's complaint against McAllister Brothers and that the third-party complaint did not allege that a particular vessel owned by the City and covered under defendants' policies had caused Green any injury. In addition, without benefit of a cross motion, defendants requested that judgment be entered in their favor. Defendants did not object to the City's fee application.

The court denied the City's motion and instead granted defendants' request to dismiss the complaint, finding no basis for coverage because Green did not allege, in the underlying personal injury action, that the city vessel had injured him. In addition, "within the four corners of the [third-party] complaint," the motion court found no basis for coverage as McAllister Brothers had not alleged that a particular vessel owned by the City and covered under defendants' policies caused Green's injury.

We reverse. An insurer's duty to defend is exceedingly broad (*see Colon v Aetna Life & Cas. Ins. Co.*, 66 NY2d 6 [1985]). The duty to defend arises "whenever the allegations of the complaint, for which the insured may stand liable, fall within the risk covered by the policy" (*id.* at 8), or, in other words, where there is a "reasonable possibility of recovery under the policy" (*Fitzpatrick v American Honda Motor Co.*, 78 NY2d 61, 65 [1991]). The courts have rejected the mechanical application of the "four corners of the complaint" rule in this context (*see Fitzpatrick*, 78 NY2d at 67). Thus, "[i]f the complaint contains any facts or allegations which bring the claim even potentially within the protection purchased," a duty to defend exists (*Technicon Elecs. Corp. v American Home Assur. Co.*, 74 NY2d 66, 73 [1989]).

An insurer may be relieved of its duty to defend only if it

"bears the heavy burden of demonstrating that the allegations of the complaint cast the pleadings wholly within that exclusion, that the exclusion is subject to no other reasonable interpretation, and that there is no possible factual or legal basis upon which the insurer may eventually be held obligated to indemnify the insured under any policy provision" (*Frontier Insulation Contrs. v Merchants Mut. Ins. Co.*, 91 NY2d 169, 175 [1997]). Defendants have not met this heavy burden. Here, the record is clear that the City's liability, if any, arises from Green's contact with city-owned barges which are covered under defendants' insurance policies and which explicitly cover the risk at issue. To judicially declare defendants' duty to defend extinguished under these circumstances would lead to an unjust result, "exalt[ing] form over substance and den[ying] an insured party the benefit of the 'litigation insurance' for which it has paid" (*Fitzpatrick*, 78 NY2d at 70).

Since defendants did not establish, as a matter of law, that there is no possible factual or legal basis upon which they eventually would be obligated to indemnify the City, the City's motion for summary judgment should have been granted. The fee application is granted without opposition. Concur—Buckley, P.J., Tom, Andrias, Saxe and Marlow, JJ.