(September 27, 2012)

■ CITY OF NEW YORK, Appellant, v ENDURANCE AMERICAN INSURANCE COMPANY, Respondent. [950 NYS2d 909]—

Order, Supreme Court, New York County (Geoffrey D. Wright, J.), entered July 18, 2011, which denied the City's motion for summary judgment declaring that Endurance American Insurance Company is obligated to defend it in the underlying personal injury action and to reimburse it for its incurred attorneys' fees and expenses, unanimously reversed, on the law, without costs, the motion granted, and it is so declared, and the matter is remanded for a determination of the attorneys' fees and expenses to be reimbursed.

The commercial general liability insurance policy obtained from Endurance by nonparty Daidone Electric, Inc., the City's

traffic signal maintenance contractor, covers the City as an additional insured for liability arising out of ongoing operations performed for it by Daidone. The underlying complaint alleges that the plaintiff's injuries arose out of the negligence of both the City and Daidone in maintaining the "traffic and pedestrian control devices" at the intersection where the plaintiff was struck by a car. These allegations "give[ ] rise to the reasonable possibility of recovery under the policy" (*see Fitzpatrick v American Honda Motor Co.*, 78 NY2d 61, 65 [1991]; *Ruder & Finn v Seaboard Sur. Co.*, 52 NY2d 663, 669-670 [1981]; *Technicon Elecs. Corp. v American Home Assur. Co.*, 74 NY2d 66, 73 [1989]). In any event, additional facts that potentially bring the claim within the policy's coverage are provided by Daidone's contract with the City, the police accident report, and Daidone's repair records (*see Fitzpatrick*, 78 NY2d at 66).

We reject Endurance's contention that the record evidence establishes that Daidone's operations at the subject intersection had been completed and thus were no longer ongoing at the time of the accident (*compare New York City Hous. Auth. v Merchants Mut. Ins. Co.*, 44 AD3d 540 [1st Dept 2007]). Concur—Andrias, J.P., Sweeny, Moskowitz, Freedman and Richter, JJ.