■ TOWN OF HARRISON et al., Appellants-Respondents, v NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA., Respondent-Appellant, and NORTH RIVER INSURANCE COMPANY, Respondent. [631 NYS2d 420] —In an action, *inter alia,* for a judgment declaring that the defendants have a duty to defend and indemnify the plaintiffs in three underlying actions pending in the Supreme Court, Westchester County, entitled *Daniel M. Bianca et al. v Town of Harrison et al.; Guiseppe Casabianca et al. v Town of Harrison et al.;* and *Andrew Brilliant et al. v Town of Harrison et al.,* and another underlying action pending in the United States District Court for the Southern District of New York entitled *Peter D. Gache v Town of Harrison et al.,* the plaintiffs appeal from (1) a decision of the Supreme Court, Westchester County (Coppola, J.), dated January 6, 1994, which determined the motion of the defen-

dant National Union Fire Insurance Company of Pittsburgh, Pa., for summary judgment and the plaintiffs' cross motion for partial summary judgment against it, (2) an order and judgment (one paper) of the same court dated February 1, 1994, which granted the motion of the defendant National Union Fire Insurance Company of Pittsburgh, Pa., for summary judgment, dismissed the complaint insofar as it is asserted against it, denied the plaintiffs' cross motion for partial summary judgment against it, and declared that it is not obligated to defend or indemnify the plaintiffs in connection with the underlying actions, (3) a decision of the same court dated August 24, 1994, which determined the motion of the defendant North River Insurance Company for summary judgment and the plaintiffs' cross motion for partial summary judgment against it, and (4) an order and judgment (one paper) of the same court dated September 23, 1994, which dismissed the complaint insofar as it is asserted against the defendant North River Insurance Company, denied the plaintiffs' cross motion for partial summary judgment against it, and declared that it has no duty to defend or indemnify the plaintiffs in connection with the underlying actions. The defendant National Union Fire Insurance Company of Pittsburgh, Pa., cross-appeals from so much of the decision dated January 6, 1994, and the order and judgment dated February 1, 1994, as failed to declare that, pursuant to exclusions C, D, E, and H of the insurance policy in question, it has no insurance obligation to the plaintiffs.

Ordered that the appeals from the decisions are dismissed since no appeal lies from a decision *(see, Schicchi v Green Constr. Corp.,* 100 AD2d 509); and it is further,

Ordered that the order and judgment dated February 1, 1994, is modified by (1) deleting the provisions thereof which granted the motion of the defendant National Union Fire Insurance Company of Pittsburgh, Pa., for summary judgment and dismissed the complaint insofar as it is asserted against it with regard to the three underlying actions pending in the Supreme Court, Westchester County, denied the plaintiffs' cross motion for partial summary judgment against it with regard to those three underlying actions, and declared that it is not obligated to defend or indemnify the plaintiffs in connection with those three underlying actions, and substituting therefor provisions denying the motion of the defendant National Union Fire Insurance Company of Pittsburgh, Pa., for summary judgment with regard to those three underlying actions, reinstating the complaint insofar as it is asserted against it with regard to those three underlying actions, granting the plaintiffs' cross

motion for partial summary judgment against it with regard to those three underlying actions, and declaring that it is obligated to defend the plaintiffs in connection with those three underlying actions and that it is also obligated to indemnify the plaintiffs in connection with those three underlying actions subject to exclusions C and D of the insurance policy in question; as so modified, the order and judgment is affirmed; and it is further,

Ordered that the order and judgment dated September 23, 1994, is modified by deleting the provisions thereof which dismissed the complaint insofar as it is asserted against the defendant North River Insurance Company with regard to the three underlying actions that were pending in the Supreme Court, Westchester County, denied the plaintiffs' cross motion for partial summary judgment against it with regard to those three underlying actions, and declared that it has no duty to defend or indemnify the plaintiffs in connection with those three underlying actions, and substituting therefor provisions reinstating the complaint insofar as it is asserted against the defendant North River Insurance Company with regard to those three underlying actions, granting the plaintiffs' cross motion for partial summary judgment against it with regard to those three underlying actions, and declaring that it has a duty to defend and indemnify the plaintiffs in connection with those three underlying actions; as so modified, the order and judgment is affirmed; and it is further,

Ordered that the defendants appearing separately and filing separate briefs are awarded one bill of costs.

The Town of Harrison and the Village of Harrison (hereinafter the Town) commenced this action for a judgment declaring that the defendants National Union Fire Insurance Company of Pittsburgh, Pa. (hereinafter National Union), and North River Insurance Company (hereinafter North River) are obligated to defend and indemnify them in the four underlying actions, all of which involve environmental pollution claims, after the defendants denied them insurance coverage based on the pollution-exclusion clauses of the insurance policies in question. The plaintiffs in the three underlying actions pending in the Supreme Court, Westchester County (hereinafter the *Bianca, Casabianca,* and *Brilliant* actions) alleged that the Town knew or should have known of illegal dumping on their properties, that the Town allowed their properties to be used as illegal dump sites, and that the Town allowed the hazard to continue unabated. They also alleged that the Town negligently failed to enforce the Public Health Law, the County Sanitary

Code, and other applicable laws, codes, and regulations that were enacted to safeguard the public by failing to issue permits, by failing to supervise the illegal dump sites, and by failing to inspect and remedy the contaminated landfill that was dumped at those sites. In the fourth action (hereinafter the *Gache* action), the plaintiff, Peter D. Gache, alleged that the Town unlawfully dumped waste materials on his property, that it permitted others to do so, and that it placed an underground storage tank for gasoline on his property. Gache's claims against the Town sound in intentional trespass, nuisance, inverse condemnation, unjust enrichment, and the release of hazardous substances under the Comprehensive Environmental Response, Compensation and Liability Act of 1980 (42 USC § 9601 *et seq.).*

Pollution-exclusion clauses, such as those found in the insurance policies in this case, are intended to exclude coverage for environmental pollution *(see, Continental Cas. Co. v Rapid-American Corp.,* 80 NY2d 640, 654). The purpose of such exclusions, which were formerly required by law *(see,* former Insurance Law § 46 [13], [14]), is to force polluters to bear the burden of their actions that cause damage to the environment *(see, Continental Cas. Co. v Rapid-American Corp., supra,* at 652).

In the *Casabianca, Bianca,* and *Brilliant* actions, the Town was not responsible for the illegal dumping, and the alleged acts of malfeasance by the Town do not involve conduct that causes environmental pollution. The Supreme Court, therefore, erred in concluding that the pollution-exclusion provisions of the insurance policies in question unambiguously exclude coverage for the conduct of the Town *(see, Autotronic Sys. v Aetna Life & Cas.,* 89 AD2d 401, 403; *Niagara County v Utica Mut. Ins. Co.,* 80 AD2d 415, 420-421; *Incorporated Vil. of Cedarhurst v Hanover Ins. Co.,* 160 Misc 2d 795, 799-800).

On the other hand, the complaint in the *Gache* action alleges that the Town itself engaged in illegal dumping. Because illegal dumping is the type of conduct contemplated by pollution-exclusion clauses, the defendants were justified in denying insurance coverage in the *Gache* action *(cf., Niagara County v Utica Mut. Ins. Co., supra; Incorporated Vil. of Cedarhurst v Hanover Ins. Co., supra).*

With regard to the cross appeal, we declare that exclusion C of National Union's policy, which precludes insurance coverage for claims "seeking relief, or redress, in any form other than money damages," and exclusion D, which precludes insurance coverage for claims "for bodily injury, sickness, disease, death, mental anguish or for claims arising therefrom,"

bar indemnity for the claims in the *Brilliant, Bianca,* and *Casabianca* actions that fall into those categories.

We have considered the Town's remaining contention and find it to be without merit. Balletta, J. P., Copertino, Pizzuto and Krausman, JJ., concur.