■ TRI-MUNICIPAL SEWER COMMISSION, Appellant, v CONTINENTAL INSURANCE COMPANY, Respondent. [636 NYS2d 856] —In an action for a judgment declaring the rights of the parties under an insurance policy, the plaintiff Tri-Municipal Sewer Commission appeals from an order and judgment (one paper) of the Supreme Court, Dutchess County (Beisner, J.), entered December 23, 1993, which, *inter alia,* granted the motion by the defendant Continental Insurance Company for summary judgment, and declared that the pollution exclusion clause in the subject policy applied to exclude coverage for the plaintiff's claims.

Ordered that the order and judgment is affirmed, with costs.

The plaintiff designed, constructed, and maintained a sewage treatment plant in the Town of Poughkeepsie pursuant to an agreement between the Village of Wappingers Falls and the Town of Poughkeepsie. During the start-up phase of the plant's operation, an adjoining property owner sued the plaintiff, complaining that odors emanating from the plant had damaged him and his property. The plaintiff, in turn, tendered the claim to the defendant, its liability insurer, which subsequently denied coverage of the claim based on the following pollution exclusion clause in its policy: "This insurance does not apply * * * to bodily injury or property damage arising out of the discharge, disbursal, release or escape of smoke, vapors, soot, fumes, acids, alkalis, toxic chemicals, liquids or gases, waste materials or other irritants, contaminants or pollutants into or upon land, the atmosphere or any water course or body of water; but this exclusion does not apply if such discharge, disbursal, release or escape is sudden and accidental".

We reject the plaintiff's contention that this pollution exclusion clause does not apply to municipal insureds. The determinative factor is whether a particular entity is in fact responsible for pollution, regardless of whether the polluter is a commercial entity or otherwise *(see, County of Colombia v Continental Ins. Co.,* 83 NY2d 618; *Town of Harrison v National Union Fire Ins. Co.,* 219 AD2d 640). Here, the allegations in the underlying complaint fit squarely within the exclusion of the policy, and consequently, coverage for the claim was properly denied. Bracken, J. P., Miller, Altman and Florio, JJ., concur.