OPINION OF THE COURT
 

 Ciparick, J.
 

 The issue presented on this appeal concerns the interpretation of the pollution exclusions contained in the commercial liability policies issued to plaintiffs, the Town of Harrison and Village of Harrison. The Appellate Division determined that because plaintiffs were not responsible for the alleged illegal dumping of waste materials onto property owned by complainants in three of the underlying actions, the pollution exclusion clauses in the policies were inapplicable to bar coverage. We disagree. The language of the pollution exclusions does not require that the insured be the actual polluter in order for the exclusion to apply. Therefore, defendant insurers properly relied on the unambiguous pollution exclusion to deny coverage to the insureds.
 

 
 *314
 
 Plaintiffs were insured by National Union Fire Insurance Company (National Union) under a "public officials and employees” liability policy and by The North River Insurance Company (North River) under a combined casualty, crime and property policy. Each policy contained several exclusions, including a provision that excluded coverage for claims arising from environmental pollution, whether sudden or not.
 

 According to plaintiffs, three notices of claim and complaints were served on them by the owners of contiguous residential properties alleging that plaintiffs negligently failed to prevent and abate the illegal disposal of noxious waste on their land by an excavation contractor retained by the landowners to regrade their properties. By three separate State court actions, these property owners sought damages on a variety of claims, including personal injuries, property damage, environmental costs and clean-up costs. A fourth action was instituted in Federal court, subsequent to the filing of a notice of claim, by the owner of property adjacent to a municipal highway storage building and garage, alleging that plaintiffs unlawfully dumped and permitted others to dump pernicious waste materials on his residential property. This property owner charged plaintiffs with the release of hazardous substances in violation of Federal statute and common-law rights, and sought damages and other relief.
 

 As required by the terms of the subject liability policies, plaintiffs notified defendants of these four matters and requested coverage. Defendants disclaimed coverage and declined to defénd and indemnify plaintiffs in these actions based on the pollution exclusion clauses. Defendants informed plaintiffs that the policies do not extend to claims arising out of the dumping of waste materials, contaminants or pollutants as alleged in the underlying complaints. Thereafter, plaintiffs instituted this action seeking a judgment declaring that defendants are obligated to defend and indemnify plaintiffs in the underlying actions.
 

 Defendants answered and moved for summary judgment dismissing the complaint and for a declaration that they are not obligated to defend or indemnify plaintiffs. Plaintiffs cross-moved for summary judgment on the complaint. Supreme Court granted defendants’ motions for summary judgment and declared that the insurers had no duty to defend or indemnify plaintiffs because the pollution exclusion clauses unambiguously excluded coverage for claims arising from the discharge or dispérsal of waste materials, irritants or pollutants and
 
 *315
 
 denied plaintiffs’ cross motion. Plaintiffs appealed and National Union cross-appealed from so much of the order and judgment that failed to declare that it had no insurance obligation under other policy exclusions.
 

 The Appellate Division modified
 
 (see, Town of Harrison v National Union Fire Ins. Co.,
 
 219 AD2d 640). As relevant to this appeal, the modification denied defendants’ motion for summary judgment with regard to the three State court actions, reinstated the complaint as to these claims, and granted plaintiffs’ cross motion by declaring that defendants are obligated to defend and indemnify plaintiffs in the State court actions
 
 (see, id.,
 
 at 641-642). The Court determined that Supreme Court erred in finding that the pollution exclusions precluded coverage in the State court actions where plaintiffs were not responsible for the illegal dumping and none of plaintiffs’ alleged acts of malfeasance resulted in environmental pollution
 
 (see, id.,
 
 at 643). By contrast, the Court held that because the Federal court action alleges that plaintiffs engaged in illegal dumping, the type of conduct expressly contemplated by the pollution exclusions, defendants were justified in denying coverage for that action
 
 (see, id.).
 
 We granted defendants leave to appeal and plaintiffs leave to cross-appeal. We now modify the order of the Appellate Division by granting defendants’ motions for summary judgment and declaring that defendants have no duty to defend or indemnify plaintiffs in any of the underlying court actions.
 

 Our discussion begins with a review of the subject pollution exclusion clauses. The pollution exclusion contained in the National Union policy states that:
 

 "The Company shall not be liable to make any payment of Loss in connection with any claim * * *
 

 "arising from the discharge, dispersal, release or escape of smoke, vapors, soot, fumes, acids, alkalis, toxic chemicals, liquids or gases, waste materials or other irritants, contaminants or pollutants into or upon land, the atmosphere or any watercourse or body of water”.
 

 The North River policy provides that:
 

 "this insurance does not apply * * *
 

 "To any claim arising out of or related to any event or happening, directly or indirectly, caused by or
 
 *316
 
 resulting from the dispersal, discharge, escape, release, removal or saturation of smoke, vapors, soot, fumes, acids, alkalis, toxic chemicals, liquids, gases, or any other material, irritant, contaminant or pollutant in or into the atmosphere, or in, onto, upon or into surface or subsurface:
 

 "(a) soil;
 

 "(b) water or watercourses;
 

 "(c) objects;
 

 "(d) any tangible or intangible matter * * *
 

 "This exclusion applies to any claim by whomever or whatsoever made, including, but not limited to, any public, private or governmental person, concern, body, entity * * * office or corporation.”
 

 Contrary to the Appellate Division’s reading of these clauses, we detect no ambiguity regarding the scope of the pollution exclusions. Where the terms of an insurance policy are clear and unambiguous, interpretation of those terms is a matter of law for the court
 
 (see, Hartford Acc. & Indem. Co. v Wesolowski,
 
 33 NY2d 169, 172). Construing the terms of these exclusions as required, by giving the words their plain meaning, it is evident that coverage is unavailable for any claim involving the discharge or dispersal of any waste, pollutant, contaminant or irritant regardless of the cause or source of that claim
 
 (see, Seaboard Sur. Co. v Gillette Co.,
 
 64 NY2d 304, 311;
 
 Government Empls. Ins. Co. v Kligler,
 
 42 NY2d 863, 864). Therefore, coverage is unambiguously excluded for claims generated by the dumping of waste materials onto complainants’ properties as asserted in all of the underlying complaints, irrespective of who was responsible for these acts
 
 (see, Powers Chemco v Federal Ins. Co.,
 
 74 NY2d 910, 911;
 
 see also, Technicon Elecs. Corp. v American Home Assur. Co.,
 
 74 NY2d 66).
 

 The Appellate Division’s reliance on
 
 Continental Cas. Co. v Rapid-American Corp.
 
 (80 NY2d 640, 654) as the basis for concluding that the pollution exclusions are only operative when the insured is the actual polluter is misplaced. As pertinent, we determined in
 
 Continental (supra),
 
 that the subject pollution exclusion clause was "ambiguous with regard to whether the asbestos fibers * * * were discharged into the 'atmosphere’ as contemplated by the exclusion” because it was unclear whether the term "atmosphere” embraced the
 
 *317
 
 confined, indoor space where ambient asbestos fibers were inhaled by the complainants (see,
 
 id.,
 
 at 653). Because it was conceivable that complainants’ contact with asbestos may not have been from the "discharge” or "dispersal” of such fibers "into * * * the atmosphere,” but from contact with hands or clothing, the insurer failed to unequivocally demonstrate that the exclusion applied (see,
 
 id.,
 
 at 654). That the insured may not have been the actual polluter responsible for releasing asbestos fibers was not the determinative factor.
 

 In view of the fact that the pollution exclusion clauses operate to preclude coverage for the claims asserted in the underlying complaints, there is no need to consider the relevancy of any other exclusions or disclaimers. The remaining arguments raised on the appeal and cross appeal are devoid of merit.
 

 Accordingly, the order of the Appellate Division should be modified, with costs to defendants as against plaintiffs by granting defendants’ motions for summary judgment and granting judgment declaring that defendants have no duty to defend or indemnify plaintiffs in any of the four subject underlying actions.
 

 Chief Judge Kaye and Judges Simons, Titone, Bellacosa, Smith and Levine concur.
 

 Order modified, etc.