OPINION OF THE COURT
Smith, J.
The issue in these appeals is whether defendant insurer is *297 required to defend and indemnify its insured, the Incorporated Village of Cedarhurst, in two separate actions brought against the Village for property damage and personal injuries allegedly caused by a discharge or overflow of raw sewage from the municipal sewer system. Defendant contends that it properly disclaimed coverage in both cases pursuant to the pollution exclusions in the insurance policies. We conclude that since the complaints in the lawsuits brought against the Village did not allege any pollution-related injuries, the pollution exclusions do not relieve the insurer of its obligation to defend the Village under the policies. Since evidence of pollution-related injuries may develop at trial and absolve the insurer of its duty to indemnify under the pollution exclusions, the issue of indemnification must abide developments. Accordingly, we modify the order of the Appellate Division in each case.
In 1992, the Village was sued by three of its residents for personal injuries and property damage allegedly caused by a "rush of water and sewage” from the municipal sewage system which caused "massive flooding” of their basement. In a separate action commenced in 1993, Longwood Associates sued the Village for damages allegedly caused by an "overflow” of sewage onto its property. Plaintiffs in both actions alleged that the flooding and "overflow” had occurred because the Village negligently failed to adequately maintain the municipal sewage system.
The Village sought defense and indemnification coverage for these actions under a Commercial Lines Policy and a Commercial Umbrella Policy issued by the defendant. Defendant disclaimed coverage for each case on the ground that the pollution exclusions excused its duty to defend and indemnify the Village under the policies. The Village subsequently commenced these actions seeking a declaration of coverage. Defendant moved to dismiss the complaints and the Village cross-moved for . summary judgment in each action.
Supreme Court held that the pollution exclusions were inapplicable and granted summary judgment to the Village in both declaratory judgment actions. As relevant here, Supreme Court held that the exclusions did not apply because raw sewage was not a "pollutant” within the meaning of the policies. A judgment against the defendant was entered in each action.
Defendant appealed the judgments and the Appellate Division affirmed on the ground that the policies did not unambiguously exclude raw sewage from coverage through the pollu *298 tion exclusions. The Appellate Division concluded that it was ambiguous whether "waste,” a category of pollutants specified in the insurance policies, included raw sewage and that the ambiguity rendered the pollution exclusions inapplicable. We granted defendant leave to appeal to this Court.
The insurance policies at issue here exclude coverage for bodily injuries, property damage or personal injuries "arising out of the actual, alleged or threatened discharge, dispersal, release or escape of pollutants.” The policies define "pollutant” as "any solid, liquid, gaseous or thermal irritant or contaminant, including smoke, vapor, soot, fumes, acids, alkalis, chemicals and waste. Waste includes materials to be recycled, reconditioned or reclaimed” (emphasis added).
Defendant contends that the pollution exclusions clearly and unambiguously exclude coverage for the discharge of raw sewage because the policies include "waste” in the definition of pollutant. The Village argues that no allegations or proof of damages due to the polluting, irritating or contaminating nature of the raw sewage were evident in the underlying actions, and that, consequently, the pollution exclusions are inapplicable. The Village also argues that the pollution exclusion clauses are ambiguous as to whether sewage may properly be classified as waste, a category of pollutants listed in the exclusions.
An insurer’s duty to defend must be determined from the allegations of the complaint. "If the complaint contains any facts or allegations which bring the claim even potentially within the protection purchased, the insurer is obligated to defend” (Technicon Elecs. Corp. v American Home Assur. Co., 74 NY2d 66, 73; accord, Fitzpatrick v American Honda Motor Co., 78 NY2d 61, 63 ["It is well established that a liability insurer has a duty to defend its insured in a pending lawsuit if the pleadings allege a covered occurrence, even though facts outside the four corners of those pleadings indicate that the claim may be meritless or not covered”]; Ruder & Finn v Seaboard Sur. Co., 52 NY2d 663). Moreover, to "negate coverage by virtue of an exclusion, an insurer must establish that the exclusion is stated in clear and unmistakable language, is subject to no other reasonable interpretation, and applies in the particular case” (Continental Cas. Co. v Rapid-American Corp., 80 NY2d 640, 652). Policy exclusions "are not to be extended by interpretation or implication, but are to be accorded a strict and narrow construction” (Seaboard Sur. Co. v Gillette Co., 64 NY2d 304, 311). In particular, pollution exclusions do not apply when the *299 complaint does not allege that the discharge complained of actually results in pollution (Technicon Elecs. Corp. v American Home Assur. Co., supra, at 74 ["The first question, then, is whether the pollution exclusion is applicable at all. To be so, the complaint with respect to which coverage is sought must allege a discharge, dispersal, release or escape of a toxic or hazardous waste which has actually resulted in pollution”]).
In order to determine whether defendant was obligated to defend the Village in the underlying actions, we must first examine the allegations of the complaints in those actions to determine whether the plaintiffs in those actions alleged a pollution-related injury.
The complaints in the underlying actions allege that the Village was negligent in maintaining the municipal sewer system. In one action, it is alleged that physical property damage occurred from the flood-like nature of the substances released, characterized as a "rush of water and sewage.” Personal injuries were apparently incurred during an attempt to retrieve personal property from the flooded area. In the other action, it is alleged that an overflow from the sewage system caused damage to property. Both allege an injury from a flood-like event; neither alleges an injury from the "polluting,” irritating or contaminating nature of the sewage.
Furthermore, contrary to the dissent’s contention that this issue is unpreserved, the record reflects that the Village has consistently asserted that defendant had at least the duty to defend under the insurance policies because the underlying complaints allege negligence, and that the water and sewage mixture which was released was not a pollutant. These assertions, by their very nature, include the claim that the substances released did not exert a contaminating or irritating effect since, by definition, a pollutant must be either, or both.
The dissent’s assertion that "but for” the presence of sewage the underlying complaints would not support a cause of action (dissenting opn, at 304) assumes the existence of facts (the sewage’s irritating or contaminating character) which are not alleged in the complaints. It is only the flooding and "overflow” character of the discharges which occurred that are mentioned in the underlying actions. Thus, the "arising out of’ language in the exclusions fails to support the disclaimers of coverage which occurred here.
Manifestly, the damage alleged in the underlying complaints was caused by a discharge of something, but it has not been *300 established that the injuries sustained were contamination caused by a discharge of sewage, or by the irritating or contaminating nature of the sewage. That is a matter for trial. But, in determining whether an insurer has the duty to defend, the applicability of the exclusions depends on the nature of the injury alleged in the underlying complaints, not exclusively on the nature of the substance released. Since any risk of liability faced by the Village allegedly arose from the flood-like nature of the discharge rather than its "polluting” character, the insurer is obligated to defend, but a trial is necessary before any determination on the issue of indemnification can be made.
Accordingly, the order of the Appellate Division in each case should be modified, without costs, in accordance with the opinion and, as so modified, affirmed.