STEUBEN CONTRACTING, INC., Plaintiff,

v.

EMPLOYERS INSURANCE OF WAU-SAU, a Mutual Company, being a wholly owned subsidiary of Wausau Insurance Companies/Nationwide Insurance Enterprise, Defendant.

No. 96–CV–6578L.

United States District Court, W.D. New York.

Sept. 3, 1997.

---

Jacob P. Welch, Corning, NY, for Steuben Contracting, Inc.

Charles F. Crimi, Jr., Rochester, NY, Wm. McElroy, Jr., Carrie L. Okuna, Zelle & Larson, Waltham, MA, for Employers Ins. of Wausau.

## DECISION AND ORDER

LARIMER, Chief Judge.

■ Plaintiff, Steuben Contracting, Inc. ("Steuben"), commenced this action in New York State Supreme Court, Steuben County, on November 19, 1996. Defendant, Employers Insurance of Wausau ("Wausau"), removed the action to this court on December 23, 1996 under 28 U.S.C. § 1441, based on diversity of citizenship. Wausau has moved for summary judgment.[1]

---

1. Following the removal of this action, plaintiff filed a document captioned "Objections to Removal of State Action" asking that the case be remanded to state court on the ground that diversity of citizenship is lacking. Plaintiff bases this contention on 28 U.S.C. § 1332(c)(1), which provides in part that "in any direct action against [an] insurer ... to which action the insured is not joined as a party-defendant, such insurer shall be deemed a citizen of the State of which the insured is a citizen, as well as of any State by which the insurer has been incorporated and of the State where it has its principal place of business ..."

As the Second Circuit explained in *Rosa v. Allstate Ins. Co.*, 981 F.2d 669 (2d Cir.1992), however,

[c]ourts have uniformly defined the term "direct action" as used in this section as those cases in which a party suffering injuries or damage for which another is legally responsible is entitled to bring suit against the other's liability insurer without joining the insured or first obtaining a judgment against him.... Thus, "unless the cause of action urged against the insurance company is of such a nature that the liability sought to be imposed could be imposed against the insured, the action is not a direct action."

## BACKGROUND

Steuben has obtained from Wausau several liability insurance policies ("the policies") for a property located on State Route 352 in Big Flats, New York. On February 28, 1996, Steuben commenced a lawsuit in state court against four defendants, alleging that the defendants had contaminated the property by dumping petroleum on the property.

Three of the defendants in that action brought counterclaims against Steuben. The counterclaims sought contribution or indemnification from Steuben, based on allegations that Steuben was the owner of a pipeline spur that was the source of the petroleum.

Steuben requested Wausau to defend Steuben against the counterclaims. Wausau declined coverage, based on pollution exclusion clauses in the policies. While the language of these clauses varies slightly from one policy to another, they are substantially similar to the following:

This insurance does not apply to:

\* \* \* \* \* \*

"Bodily injury" or "property damage" arising out of the actual, alleged, or threatened discharge, dispersal, seepage, migration, release or escape of pollutants:

(a) At or from any premises, site or location which is or was at any time, owned or occupied by or rented or loaned to, any insured . . .

\* \* \* \* \* \*

Pollutants means any solid, liquid, gaseous, or thermal irritant or contaminant; including smoke, vapor, soot, fumes, acids, alkalis, chemicals and waste.

Mary E. Wendorff Aff. Ex. 5.

## DISCUSSION

▉ Under New York law, which governs the policies, "[a]n insurer must defend whenever the four corners of the complaint suggest—or the insurer has actual knowledge of facts establishing—a reasonable possibility of coverage." *Continental Casualty Co. v. Rapid–American Corp.,* 80 N.Y.2d

640, 648, 593 N.Y.S.2d 966, 609 N.E.2d 506 (1993). "To negate coverage by virtue of an exclusion, an insurer must establish that the exclusion is stated in clear and unmistakable language, is subject to no other reasonable interpretation, and applies in the particular case." *Id.* at 652, 593 N.Y.S.2d 966, 609 N.E.2d 506 (citations omitted). Therefore, "[i]f the complaint contains any facts or allegations which bring the claim even potentially within the protection purchased, the insurer is obligated to defend." *Technicon Electronics Corp. v. American Home Assurance Co.,* 74 N.Y.2d 66, 74, 544 N.Y.S.2d 531, 542 N.E.2d 1048 (1989). In addition, "the insurer bears the burden of proving that an exclusion applies." *State of New York v. Blank,* 27 F.3d 783, 788 (2d Cir.1994).

▉ "To determine whether coverage is required, [the court] must examine the complaint[ ] in the underlying action[ ] and decide whether there are 'any allegations that arguably or potentially bring the action within the protection purchased' or a 'reasonable possibility' that coverage exists." *EAD Metallurgical, Inc. v. Aetna Cas. & Sur. Co.,* 905 F.2d 8, 11 (2d Cir.1990) (quoting *Avondale Indus., Inc. v. Travelers Indem. Co.,* 894 F.2d 498, 500 (2d Cir.1990) (per curiam)). Any exclusions from coverage are to be given a strict construction, *Kimmins Indus. Serv. Corp. v. Reliance Ins. Co.,* 19 F.3d 78, 81 (2d Cir. 1994), and must be "given the interpretation most beneficial to the insured." *M.H. Lipiner & Son, Inc. v. Hanover Ins. Co.,* 869 F.2d 685, 687 (2d Cir.1989). "When construing an insurance policy, the tests applied are 'common speech' and the 'reasonable expectation and purpose of the ordinary businessman.'" *Stoney Run Co. v. Prudential–LMI Commercial Ins. Co.,* 47 F.3d 34, 37 (2d Cir.1995) (quoting *Ace Wire & Cable Co. v. Aetna Cas. & Surety Co.,* 60 N.Y.2d 390, 469 N.Y.S.2d 655, 457 N.E.2d 761 (1983)).

▉ Applying these standards to the case at bar, I find that the pollution exclusions in the policies are unambiguous, and that they clearly apply to the claims at issue. Defen-

---

*Id.* at 675 (quoting *Beckham v. Safeco Ins. Co. of America,* 691 F.2d 898, 901–02 (9th Cir.1982)). The case at bar clearly is not a "direct action"

for purposes of § 1332, since plaintiff obviously could not sue itself to provide insurance coverage. Removal was therefore proper.

dant's motion for summary judgment is therefore granted.

As the complaint itself alleges, Steuben seeks coverage for "counterclaims and potential liability for a cleanup of petroleum products present on the premises due to a massive oil spill ..." Complaint ¶ 5. One of the defendants in the underlying action, W.W. Griffith Oil Co. ("Griffith"), alleged in its counterclaims that Steuben was the owner of the spur that was the source of the petroleum, and that all the other parties to the action, including Steuben, were responsible for the spill and liable to Griffith. Wendorff Aff. Ex. 23 ¶¶ 48, 53–77. Another defendant, Sun Pipe Line Co., Inc., made similar allegations; *see* Wendorff Aff. Ex. 24 ¶¶ 36, 38–53.

The only basis upon which plaintiff opposes defendant's motion is its contention that the pollution exclusion clause is ambiguous under the facts of this case because by its terms it applies to the "discharge, dispersal, release or escape of pollutants ... [a]t or from any premises [Steuben] own[s], rent[s] or occup[ies] ..." Wendorff Aff. Ex. 1. Plaintiff contends that in the underlying action, it alleges that the discharge of petroleum occurred not at or from Steuben's property, but from a pipe underneath a nearby state highway.

This contention fails for two reasons. First, Steuben's complaint in the underlying action alleges simply that the defendants in that action "contaminated the premises of the plaintiff ... by dumping some 100,000 gallons of fuel/petroleum onto plaintiff's premises." Wendorff Aff. Ex. 22 ¶ 9. It does not allege a discharge occurring on some other property.

Even if that were the gist of plaintiff's claim, however, it still plainly falls squarely within the pollution exclusion. The exclusion's reference to the "discharge, dispersal, release or escape of pollutants ... [a]t or from any premises" that Steuben owns, rents or occupies gives no indication that the *source* of the pollution must be located on plaintiff's property. In fact, the policy's use of the phrase "at *or* from" plaintiff's property indicates precisely the opposite; if the exclusion were intended to apply only to discharges emanating from Steuben's property, it

would have sufficed to use only the word "from."

Plaintiff, then, is essentially equating "at" with "from." Such an interpretation would render the word "at" superfluous, and would hardly comport with the principle that the policy should be construed with reference to "common speech." *M.H. Lipiner & Son,* 869 F.2d at 687. *See State of New York v. AMRO Realty Corp.,* 936 F.2d 1420, 1428 (2d Cir.1991) ("[W]e decline to obligate an insurer to extend coverage based on a reading of the complaint that is linguistically conceivable but tortured and unreasonable"). Regardless of where the petroleum emanated, the fact remains that there has occurred a dispersal of petroleum at plaintiff's property, and claims arising from that dispersal are expressly excluded from coverage under the policies.

Moreover, "it is appropriate to construe the standard pollution exclusion clause in light of its general purpose, which is to exclude coverage for environmental pollution." *Stoney Run Co. v. Prudential–LMI Comm. Ins. Co.,* 47 F.3d 34, 37 (2d Cir.1995); *see also Rapid–American,* 80 N.Y.2d at 654, 593 N.Y.S.2d 966, 609 N.E.2d 506 (purpose of clause is "to exclude coverage for environmental pollution"). There is no logical reason why the clause would differentiate between pollution originating on the insured's property and pollution entering that property from an external source.

Plaintiff's reliance on *Incorporated Village of Cedarhurst v. Hanover Ins. Co.,* 89 N.Y.2d 293, 653 N.Y.S.2d 68, 675 N.E.2d 822 (1996), is misplaced. In *Cedarhurst,* the plaintiff village had been sued for property damage and personal injuries allegedly caused by the overflow of raw sewage from the municipal sewer system. In a 4–3 decision, the court held that the village's insurer could not disclaim coverage under a pollution exclusion, since the "risk of liability faced by the Village allegedly arose from the flood-like character of the discharge rather than its 'polluting' character ..." *Id.* at 300, 653 N.Y.S.2d 68, 675 N.E.2d 822. In the case at bar, however, it is very definitely the "polluting" character

of the petroleum that has given rise to the underlying action and counterclaims.

As the New York Court of Appeals, construing a similar pollution exclusion, stated in *Town of Harrison v. National Union Fire Ins. Co. of Pittsburgh, Pa.,* 89 N.Y.2d 308, 653 N.Y.S.2d 75, 675 N.E.2d 829 (1996), I can "detect no ambiguity regarding the scope of the pollution exclusions" in this case. *Id.* at 316, 653 N.Y.S.2d 75, 675 N.E.2d 829. "[I]t is evident that coverage is unavailable for any claim involving the discharge or dispersal of any waste, pollutant, contaminant or irritant regardless of the cause or source of that claim," and "[t]herefore, coverage is unambiguously excluded for claims generated by the dumping of waste materials onto [plaintiff's] propert[y] ..., irrespective of who was responsible for those acts" or where the pollutants came from. *Id.* (citations omitted).

## CONCLUSION

Defendant's motion for summary judgment (Item 8) is granted, and the complaint is dismissed.

IT IS SO ORDERED.