■ WILSON H. CURRY, Individually and Doing Business as WILLISTON AUCTIONS, et al., Respondents, v ATLANTIC MUTUAL INSURANCE COMPANY, Appellant. [723 NYS2d 784] —Order unanimously modified on the law and as modified affirmed without costs and judgment granted in accordance with the following Memorandum: Supreme Court erred in denying the motion of defendant to the extent that it sought summary judg-

ment declaring that it is not obligated to defend or indemnify Leo Heaps in plaintiffs' underlying actions against Heaps and Herbert Roman, individually and d/b/a Herbert Roman Galleries, and Herbert Roman, Inc. (collectively Roman). Defendant had issued a commercial general liability policy to Roman, which covered employees for acts within the scope of their employment. Plaintiffs obtained a default judgment against Heaps (*see, Curry v Roman,* 217 AD2d 314, 317-318, *lv denied* 88 NY2d 804) and commenced this declaratory judgment action seeking a declaration that defendant must defend and indemnify Heaps because Heaps was Roman's employee. Defendant moved and plaintiffs cross-moved for summary judgment on the issue whether Heaps was Roman's employee. The court denied the motion and cross motion, finding a question of fact on that issue.

The court should have granted defendant's motion to the extent that it sought summary judgment declaring that Heaps was not an employee of Roman and thus that defendant had no obligation to defend or indemnify Heaps in the underlying actions. The term "employee" is not defined in the policy and therefore should be given its plain meaning (*see, Town of Harrison v National Union Fire Ins. Co.,* 89 NY2d 308, 316, *rearg denied* 89 NY2d 1031). Here, the record establishes that Heaps, a Toronto art dealer, was informed that a certain painting was going to be sold at an auction in Buffalo. He telephoned Roman, a New York City art dealer with whom he had a prior relationship, and informed Roman of the sale. Roman authorized Heaps to spend up to $40,000 to purchase the painting. Heaps testified at a deposition that he and Roman had engaged in this type of transaction on prior occasions, and that he expected to purchase the painting for Roman and to share in the profits when Roman sold it. Heaps traveled to the auction but was unsuccessful in purchasing the painting. Roman testified at his deposition that he and his secretary were the only two employees of his company. He used agents to purchase objects at auctions, and Heaps previously had purchased objects on his behalf. According to both Heaps and Roman, they would communicate with each other when a specific object interested them, and they would work out a deal at that time; sometimes Heaps would purchase an object with Roman and they would split the proceeds of the sale of the object. According to Heaps, on some occasions he would purchase an object that Roman would sell, and Heaps would retain a "minority interest" in the item or be paid a commission for procuring it. The agreement usually was not finalized until after the object had been acquired.

Even under the most generous interpretation of the relationship between these two dealers, it cannot be said that they had an employer-employee relationship. None of the indicia of an employment relationship articulated by the Court of Appeals is present (*see, Matter of Ted Is Back Corp.,* 64 NY2d 725, 726; *Matter of 12 Cornelia St.,* 56 NY2d 895, 897-898). Heaps worked exclusively from his own premises, had no fixed work hours, paid his own expenses and was not paid a salary, and was not provided with insurance or training. Roman did not exercise control over the methods used by Heaps but, rather, gave only a general direction concerning the amount that Heaps could spend on his behalf on a particular item. We therefore modify the order by granting the motion of defendant to the extent that it sought summary judgment declaring that it has no obligation to defend or indemnify Heaps in the underlying actions. (Appeal from Order of Supreme Court, Erie County, Flaherty, J.—Summary Judgment.) Present—Pigott, Jr., P. J., Pine, Hayes, Kehoe and Burns, JJ.