■ TOWER INSURANCE COMPANY OF NEW YORK, Appellant, v POLINA BREYTER et al., Respondents, et al., Defendant. [830 NYS2d 122]—

Order, Supreme Court, New York County (Ira Gammerman, J.H.O.), entered May 9, 2006, which, to the extent appealed from as limited by the brief, denied plaintiff insurer's motion for summary judgment insofar as it was premised on the governing policy's pollution exclusion, and granted defendant insureds Breyter and Kagan partial summary judgment, declaring that they are entitled to a defense from plaintiff in the underlying action, subject to the determination of the validity of that portion of plaintiff's disclaimer predicated on late notice, unanimously affirmed, with costs.

Plaintiff in the underlying action does not allege that the fumes from the nail salon of defendant insureds' tenant actually resulted in pollution. The pollution exclusion relied upon by plaintiff insurer is inapplicable (*Incorporated Vil. of Cedarhurst v Hanover Ins. Co.*, 89 NY2d 293, 299 [1996]). It is at best ambiguous whether the subject exclusion was intended to encompass claims such as those made in the underlying action, alleging that "solvent fumes . . . drifted a short distance from the area of . . . intended use and . . . caused inhalation injuries" (*Belt Painting Corp. v TIG Ins. Co.*, 100 NY2d 377, 388 [2003]). Ambiguity in an insurance policy, particularly as to the scope of an exclusion, must be construed against the insurer (*see id.*; *Vigilant Ins. Co. v V.I. Tech.*, 253 AD2d 401 [1998], *lv*

*dismissed* 93 NY2d 999 [1999]). Concur—Friedman, J.P., Nardelli, Buckley, Catterson and McGuire, JJ.