10-3467-cv
Barney Greengrass, Inc. v. Lumbermens Mut. Cas. Co.

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan Courthouse, 500 Pearl Street, in the City of New York, on the 4th day of November, two thousand eleven.

Present:
      JOHN M. WALKER, JR.,
      ROBERT A. KATZMANN,
      RICHARD C. WESLEY,
            *Circuit Judges.*

_____

BARNEY GREENGRASS, INC.,

    *Plaintiff-Appellee*,

        v.                              No. 10-3467-cv

LUMBERMENS MUTUAL CASUALTY COMPANY,

    *Defendant-Appellant,*

KEMPER INSURANCE COMPANIES, BROADSPIRE SERVICES, INC.,

    *Defendants.*

_____

| | |
|---|---|
| For Plaintiff-Appellee: | NATASCIA AYERS (David Tolchin, *on the brief*), Jaroslawicz & Jaros LLC, New York, N.Y. |
| For Defendant-Appellant: | DAVID M. POLLACK (Antoinette L. Banks, *on the brief*), Lewis Brisbois Bisgaard & Smith LLP, New York, N.Y. |

Appeal from the United States District Court for the Southern District of New York (Buchwald, *J.*).

**ON CONSIDERATION WHEREOF**, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that the judgment of the district court be and hereby is **AFFIRMED**.

Plaintiff-Appellee Barney Greengrass, Inc. ("BG"), an Upper West Side delicatessen, brought this action against Defendant-Appellant Lumbermens Mutual Casualty Company ("Lumbermens"), its insurer, for a declaration that Lumbermens must defend and indemnify it in connection with an underlying state-court action seeking to recover for damages allegedly caused by smoke, exhaust, and odors emitted by BG's exhaust vent. Lumbermens appeals from the judgment of the district court granting so much of BG's motion for summary judgment as seeks (1) a declaration that Lumbermens must defend BG in the underlying action and (2) all costs and fees that BG had incurred in that action, and denying Lumbermens's cross-motion for summary judgment. On appeal, Lumbermens argues that it is not required to defend BG in the underlying action on the ground that a pollution exclusion clause set forth in BG's insurance policy excludes coverage for all damages caused by any waste, including odors, emitted into the atmosphere from a commercial exhaust vent. In that regard, it contends that (1) the district court erred in construing the clause according to the "common speech" and "reasonable expectations" doctrines and (2) the odors constitute "pollution" under the New York City Administrative Code. We assume the parties' familiarity with the facts and procedural history of this case.

"We review a grant of summary judgment *de novo*, examining the evidence in the light most favorable to, and drawing all inferences in favor of, the non-movant." *Sheppard v. Beerman*, 317 F.3d 351, 354 (2d Cir. 2003).

The duties to defend and indemnify are "separate and distinct"; the former is "a form of 'litigation insurance' for the insured." *City of Johnstown v. Bankers Standard Ins. Co.*, 877 F.2d

2

1146, 1148 (2d Cir. 1989). The duty to defend is "exceedingly broad." *BP A.C. Corp. v. One Beacon Ins. Grp.*, 8 N.Y.3d 708, 714 (2007) (quoting *Automobile Ins. Co. of Hartford v. Cook*, 7 N.Y.3d 131, 137 (2006)). "If the complaint contains any facts or allegations which bring the claim even potentially within the protection purchased, the insurer is obligated to defend." *Technicon Elecs. Corp. v. Am. Home Assurance Co.*, 74 N.Y.2d 66, 73 (1989); *see also City of Johnstown*, 877 F.2d at 1148 ("The duty to defend is triggered whenever the allegations in the [underlying] complaint fall within the risk covered by the policy; thus, if liberally construed, the claim is within the embrace of the policy, the insurer must come forward to defend its insured." (internal alteration and quotation marks omitted)).

The insurer bears the burden of establishing that an exclusion under the insurance policy applies. *See, e.g.*, *Consol. Edison Co. of N.Y., Inc. v. Allstate Ins. Co.*, 98 N.Y.2d 208, 220 (2002). We have observed:

> New York courts have consistently held that . . . an insurer seeking to avoid its duty to defend bears a heavy burden. That burden, in practice, is seldom met. Indeed, before an insurance company is permitted to avoid policy coverage, it must . . . establish that the exclusions or exemptions claimed apply in the particular case, and that they are subject to no other reasonable interpretation. To avoid the duty to defend, the insurer must show that the allegations in the underlying complaint are solely and entirely within the policy's exclusions from coverage. *A court applying New York law, then, should only excuse an insurer from its duty to defend if it can be concluded as a matter of law that there is no possible factual or legal basis on which the insurer might eventually be held to indemnify the insured.*

*City of Johnstown*, 877 F.2d at 1149 (emphasis added) (internal alterations, quotation marks, and citations omitted). "To the extent that there is any ambiguity in an exclusionary clause, we construe the provision in favor of the insured. Moreover, exclusions or exceptions from policy coverage are not to be extended by interpretation or implication, but are to be accorded a strict and narrow construction." *Cragg v. Allstate Indem. Corp.*, 17 N.Y.3d 118, 122 (2011) (internal

3

alteration and quotation marks omitted). Under New York law, insurance policies are read "in light of 'common speech' and the reasonable expectations of a businessperson." *Belt Painting Corp. v. TIG Ins. Co.*, 100 N.Y.2d 377, 383 (2003).

As an initial matter, the complaint in the underlying action does not allege that the plaintiff, Theodore Bohn, was damaged by a "pollutant" or that the odors emitted from BG's exhaust vent constituted "pollution." Instead, it alleges that Bohn "stopped using [his] living room because the odors permeating that room had become so overpowering as to make the room entirely unusable," J.A. 135, and that he was damaged by the co-op board's failure to address his complaints. Lumbermens maintains that it is not required to defend BG in the underlying action on the ground that Bohn's allegations fall within the pollution exclusion clause of BG's insurance policy, which excludes coverage for "'property damage' . . . arising out of the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of pollutants at any time . . . [a]t or from any premises, site or location which is or was at any time owned or occupied by, or rented or loaned to, any insured." *Id.* at 94. The policy in turn defines "Pollutants" as "any solid, liquid, gaseous or thermal irritant or contaminant, including smoke, vapors, soot, fumes, acids, alkalis, chemicals and waste," with "[w]aste includ[ing] materials to be recycled, reconditioned or reclaimed." *Id.* at 95.

The district court reasoned that "[t]o read 'pollution' as encompassing 'restaurant odors,' as defendant urges here, would contradict 'common speech' and the 'reasonable expectations of a businessperson,' who has come to understand standard pollution exclusions as addressing environmental-type harms." *Barney Greengrass, Inc. v. Lumbermens Mut. Cas. Co.*, No. 09 Civ. 7697 (NRB), 2010 WL 3069560, at *7 (S.D.N.Y. July 27, 2010). On appeal, Lumbermens contends that district court misapplied the "common speech" and "reasonable expectations"

4

doctrines on the ground that "the term 'fumes' contained in the Policy's definition of 'Pollutant' is commonly defined as odorous." Def. Br. 21. There is no dispute, however, that the term "odors" is not included in the policy's definitions of "pollutants," and the term "fumes" is undefined. Moreover, the definitional list of "pollutants" set forth in the policy particularizes "irritant or contaminant" by reference to "smoke, vapors, soot, fumes, acids, alkalis, chemicals and waste," App. 95, terms that connote traditional forms of environmental or industrial pollutants or contaminants. *Cf. W. Alliance Ins. Co. v. Gill*, 426 Mass. 115, 118 (1997) ("The exclusion should not reflexively be applied to accidents arising during the course of normal business activities simply because they involve a 'discharge, dispersal, release or escape' of an 'irritant or contaminant.'").

The cases upon which Lumbermens relies are easily distinguishable because the "odors" there constitute traditional environmental pollution to which exclusion clauses typically apply. *See, e.g.*, *Town of Harrison v. Nat'l Union Fire Ins. Co. of Pittsburgh*, 89 N.Y.2d 308, 314, 316 (1996) (pollution exclusion applied to odors from "dumping of waste materials, contaminants or pollutants"); *Tri-Mun. Sewer Comm'n v. Cont'l Ins. Co.*, 636 N.Y.S.2d 856, 857 (2d Dep't 1996) (pollution exclusion applied to odors from "sewage treatment plant"). In these circumstances, we conclude that Lumbermens cannot meet its burden of showing that the restaurant odors constitute "pollution" within the meaning of the exclusion, as any ambiguities must be construed against the insurer. *See, e.g.*, *Stoney Run Co. v. Prudential-LMI Commercial Ins. Co.*, 47 F.3d 34, 37 (2d Cir. 1995).

Lumbermens rejoins that under the New York City Administrative Code, restaurant odors in sufficiently detectable quantities may constitute "air contaminants" subject to regulation. It points to New York City Administrative Code § 24-141, which prohibits "the emission of air

5

contaminant," including "odorous air contaminant" that "causes or may cause detriment to the health, safety, welfare or comfort of any person, or injury to plant and animal life, or causes or may cause damage to property or business." The administrative regulations upon which Lumbermens relies, however, do not pertain in any way to insurance coverage disputes, much less pollution exclusion clauses. Nor does the parties' dispute here concern administrative liability under the Code. Therefore, Lumbermens's attempt to apply the principles underlying a New York administrative regulation to the insurance clause here at issue is unavailing.

We have considered Lumbermens's remaining arguments and find them to be without merit. For the reasons stated herein, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK