# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**864**

**CA 13-00398**

PRESENT: SCUDDER, P.J., PERADOTTO, CARNI, VALENTINO, AND WHALEN, JJ.

---

SUSAN M. BATT, AS ADMINISTRATRIX OF THE ESTATE
OF EUGENE L. BATT, JR., DECEASED,
CLAIMANT-RESPONDENT,

                    V                                          MEMORANDUM AND ORDER

STATE OF NEW YORK, ET AL., DEFENDANTS.
-------------------------------------------------
STATE OF NEW YORK, NEW YORK STATE
DEPARTMENT OF TRANSPORTATION AND NEW
YORK STATE THRUWAY AUTHORITY,
THIRD-PARTY CLAIMANTS-RESPONDENTS,

                    V

AIG DOMESTIC CLAIMS, INC., NEW HAMPSHIRE
INSURANCE CO. AND AMERICAN HOME ASSURANCE CO.,
THIRD-PARTY DEFENDANTS-APPELLANTS.
(CLAIM NO. 115417.)

---

HISCOCK & BARCLAY, LLP, ROCHESTER (JOSEPH A. WILSON OF COUNSEL), FOR
THIRD-PARTY DEFENDANTS-APPELLANTS.

ERIC T. SCHNEIDERMAN, ATTORNEY GENERAL, ALBANY (OWEN DEMUTH OF
COUNSEL), FOR DEFENDANTS-THIRD-PARTY CLAIMANTS-RESPONDENTS.

KENNEY SHELTON LIPTAK NOWAK LLP, BUFFALO (RODGER P. DOYLE, JR., OF
COUNSEL), FOR CLAIMANT-RESPONDENT.

---

        Appeal from a judgment of the Court of Claims (Jeremiah J. Moriarty, III, J.), entered May 7, 2012. The judgment, among other things, denied the motion of third-party defendants for summary judgment insofar as it sought a declaration that third-party defendant American Home Assurance Co. is not required to defend or indemnify defendants-third-party claimants State of New York or the New York State Thruway Authority under the New York Special Protective Highway policy and granted the cross motion of defendants-third-party claimants for partial summary judgment in part and declared that third-party defendant American Home Assurance Co. is obligated to defend, inter alia, defendant-third-party claimant New York State Thruway Authority under that policy.

        It is hereby ORDERED that said appeal insofar as taken by third-party defendants AIG Domestic Claims, Inc. and New Hampshire Insurance

Co. is unanimously dismissed and the judgment is affirmed without costs.

Memorandum:  On July 26, 2006, claimant's decedent sustained fatal injuries when the motorcycle that he was operating collided with a vehicle on the exit 56 ramp of the New York State Thruway.  In June 2006, defendant-third-party claimant New York State Thruway Authority (NYSTA) contracted with a contractor to perform construction work on the exit 56 interchange.  Pursuant to the contract, the contractor obtained insurance from third-party defendants New Hampshire Insurance Co. (New Hampshire) and American Home Assurance Co. (American), naming NYSTA as an additional insured.  After plaintiff commenced a personal injury and wrongful death action against defendants-third-party claimants (hereafter, third-party claimants), third-party defendants disclaimed coverage.  Thereafter, third-party claimants commenced a third-party action seeking a declaration that New Hampshire and American were required to provide NYSTA with a defense in the underlying action and to indemnify defendant-third-party claimant State of New York (State).  Third-party defendants moved for, inter alia, summary judgment declaring that they are not obligated to defend or indemnify third-party claimants.  Third-party claimants cross-moved for, inter alia, partial summary judgment declaring that American is required to defend NYSTA in the underlying action.  As relevant to this appeal, the Court of Claims denied third-party defendants' motion for summary judgment insofar as it sought a declaration that American is not obligated to defend or indemnify the State or NYSTA under the New York Special Protective Highway policy and granted third-party claimants' cross motion in part and declared that American is obligated to defend, inter alia, NYSTA under that policy.  Third-party defendants appealed.  We conclude that New Hampshire and third-party defendant AIG Domestic Claims, Inc. are not aggrieved by the judgment and thus the appeal, insofar as taken by those parties, must be dismissed (*see* CPLR 5511), and we otherwise affirm.

An insurer's duty to defend is " 'exceedingly broad' and an insurer will be called upon to provide a defense whenever the allegations of the complaint 'suggest . . . a reasonable possibility of coverage' " (*Automobile Ins. Co. of Hartford v Cook*, 7 NY3d 131, 137, quoting *Continental Cas. Co. v Rapid-American Corp.*, 80 NY2d 640, 648; *see Henderson v New York Cent. Mut. Fire Ins. Co.*, 56 AD3d 1141, 1142).  Thus, the duty to defend exists " 'even though facts outside the four corners of [the] pleadings indicate that the claim may be meritless or not covered' " (*Automobile Ins. Co. of Hartford*, 7 NY3d at 137, quoting *Fitzpatrick v American Honda Motor Co.*, 78 NY2d 61, 63; *see also BP A.C. Corp. v One Beacon Ins. Group*, 8 NY3d 708, 714).  We conclude that where, as here, the claim, "[i]f[] liberally construed, . . . is within the embrace of the policy, the insurer must come forward to defend its insured no matter how groundless, false or baseless the suit may be" (*Ruder & Finn v Seaboard Sur. Co.*, 52 NY2d 663, 670, *rearg denied* 54 NY2d 753) and without regard to whether the insurer "may not be required to pay once the litigation has run its course" (*Automobile Ins. Co. of Hartford*, 7 NY3d at 137).

With respect to indemnification, that determination will abide

the trial (*see id.* at 138; *Incorporated Vil. of Cedarhurst v Hanover Ins. Co.*, 89 NY2d 293, 300).

Entered:  December 27, 2013                    Frances E. Cafarell
                                               Clerk of the Court