■ In the Matter of MIDLAND INSURANCE COMPANY. ASARCO LLC, Appellant, v SUPERINTENDENT OF FINANCIAL SERVICES OF THE STATE OF NEW YORK, as Liquidator of Midland Insurance Company, Respondent. [58 NYS3d 32]—

Order, Supreme Court, New York County (Michael D. Stallman, J.), entered December 12, 2016, which granted respondent's motion to confirm the decision of a referee, dated March 8, 2016, affirming the disallowance of claimant's claim, and denied claimant's cross motion to reject the referee's decision, unanimously affirmed, without costs.

Claimant, a mining, smelting, and refining company, seeks indemnification under four excess insurance policies issued to it by Midland Insurance Company of amounts paid pursuant to a settlement with the Environmental Protection Agency (EPA) and other government agencies in connection with the EPA's clean-up of a residential area in Omaha, Nebraska, in which surface soils were contaminated by lead, in part, as a result of claimant's operations. The policies exclude coverage for "property damage arising out of the discharge, dispersal, release or escape of smoke, vapors, soot, fumes, acids, alkalis, toxic chemicals, liquids or gases, waste materials or other irritants, contaminants or pollutants into or upon land" unless the "dis-

charge, dispersal, release or escape is sudden and accidental." It is undisputed that these pollution exclusions bar any claim for indemnification of amounts paid to clean up soil contamination resulting from claimant's lead emissions. Claimant contends that it is entitled to indemnification of "the clean-up costs directly related to the contamination caused by the chipping and flaking of lead-based paint on . . . houses in the [subject area]."

Courts have held that damage resulting solely from lead paint is not excluded from coverage under similar pollution exclusions (see Westview Assoc. v Guaranty Natl. Ins. Co., 95 NY2d 334, 340 [2000]; Herald Sq. Loft Corp. v Merrimack Mut. Fire Ins. Co., 344 F Supp 2d 915, 920-921 [SD NY 2004]; Sphere Drake Ins. Co. v Y.L. Realty Co., 990 F Supp 240, 242-245 [SD NY 1997]). However, in those cases, the courts did not address damage caused by lead paint in conjunction with an acknowledged pollutant, and did not address the peculiarities of liability under the Comprehensive Environmental Response, Compensation, and Liability Act (CERCLA) (see 42 USC § 9607), pursuant to which the EPA sought recovery from claimant in this case.

CERCLA permits the imposition of joint and several liability (see United States v Alcan Aluminum Corp., 315 F3d 179, 184-187 [2d Cir 2003], cert denied 540 US 1103 [2004]). As a result, a party may be required to pay for the entirety of environmental damage for which it was only partially responsible. The fact that some of the damage was caused by someone other than the insured does not, in itself, affect the applicability of a coverage exclusion (see Town of Harrison v National Union Fire Ins. Co. of Pittsburgh, Pa., 89 NY2d 308, 316 [1996]; Bituminous Cas. Corp. v Aaron Ferer & Sons Co., 2007 WL 2066452, *2, 2007 US Dist LEXIS 51427, *7-8 [D Neb, July 16, 2007, No. 4:06 CV3128]).

In this case, not only did the damage result from different sources, i.e., lead emissions and lead paint, but, also, one source is excluded from coverage and the other is not. However, the damage resulting from either source is not readily divisible from the damage resulting from the other. The combined effect of the lead emissions and the lead paint was soil contamination - of the same soil. To the extent a particular area was contaminated solely by lead paint, it was not (and could not have been) included in the EPA's remediation efforts (see 42 USC § 9604). Moreover, claimant would not have had to pay for any damage—including lead paint damage—if not for the accompanying pollution (see 42 USC § 9607). Thus, the entire claim is barred by the pollution exclusions.

In view of the foregoing, we do not reach the issue of the appropriate method for allocating losses among the various insurance policies. Concur—Sweeny, J.P., Mazzarelli, Andrias, Moskowitz and Gische, JJ.